■ In the Matter of LAWAL MOHAMMED, Petitioner, v EUGENE S. LEFEVRE, as Superintendent of Clinton Correctional Facility, Respondent.—Kane, J. Proceeding pursuant to CPLR

article 78 (transferred to this court by order of the Supreme Court, entered in Clinton County) to review two determinations of respondent which found petitioner guilty of violating certain prison disciplinary rules.

In this CPLR article 78 proceeding, petitioner seeks to review two prison disciplinary determinations finding him guilty of violating prison rules. The first determination found petitioner guilty of violating prison rules by refusing to obey a direct order. According to the misbehavior report prepared by Correction Officer Lee Emery, at 12:05 A.M., on September 21, 1986 Emery ordered petitioner to either shut the music off that was coming from his cell or use headphones. Ten minutes later, when petitioner was again approached by Emery about the loud music, petitioner responded by swearing and turning up the volume of the music. At the hearing, petitioner maintained that this was a case of mistaken identity. In this regard, a fellow inmate testified that petitioner did not own a "box" or radio. Emery, however, testified at the hearing and positively identified petitioner as the inmate who disobeyed his direct order.

The second disposition at issue found petitioner guilty of violating prison rules by being out of place and by disturbing the order of the facility. According to the misbehavior report written by Correction Officer Ernest Blaise, on October 1, 1986 Blaise found petitioner with a pass for a location different from where petitioner was found. Moreover, according to the misbehavior report, when Blaise asked petitioner what he was doing in an unauthorized area, petitioner became loud and created a disturbance. At the ensuing hearing, petitioner admitted that he was out of place, but explained that since he was relatively new at the institution, he was unfamiliar with the prison layout.

The misbehavior report and testimony of Emery and the misbehavior report of Blaise provide substantial evidence to support the determinations under review (see, People ex rel. Vega v Smith, 66 NY2d 130; Matter of Vogelsang v Coombe, 105 AD2d 913, affd 66 NY2d 835). In addition, contrary to petitioner's contention, the first hearing complied with all due process requirements.

The petition also appears to seek relief concerning the refusal on two occasions to allow petitioner to attend Jumu'ah services. Petitioner, however, fails to develop this issue on the record and, accordingly, is not entitled to relief. In any event, respondent has attached documents to his brief which demonstrate that petitioner was denied permission to attend services

on October 17, 1986 and November 7, 1986 for reasons of institutional order and security. However, we note that on other occasions, petitioner was granted permission to attend religious services. The petition should be dismissed.

Determinations confirmed, without costs, and petition dismissed. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.